

# STATE OF RHODE ISLAND
## SUPERIOR COURT
### SUMMONS

| | Civil Action File Number<br>KC-2022-0144 |
|---|---|
| **Plaintiff**<br>Nancy Sclama | **Attorney for the Plaintiff or the Plaintiff**<br>Stephen J. Brouillard, esq / Therese L. Sonsky, esq, |
| v.<br>BJ's Wholesale Club, Inc.<br>**Defendant** | **Address of the Plaintiff's Attorney or the Plaintiff**<br>56 Pine St. Suite #250<br>Providence, RI<br>02903 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI 02886<br>(401) 822-6900 | **Address of the Defendant**<br>25 Research Drive,<br>Westborough MA, 01581 |

**TO THE DEFENDANT, BJ's Wholesale Club, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 2/28/2022. | /s/ Danielle Keegan<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

A TRUE COPY ATTEST
Kyle R. Norigian - Constable #6137
DATE: 3/1

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND
## SUPERIOR COURT

| **Plaintiff** <br> Nancy Sclama <br> v. <br> BJ's Wholesale Club, Inc. <br> **Defendant** | **Civil Action File Number** <br> KC-2022-0144 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, BJ's Wholesale Club, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: ___/___/___  Month  Day  Year | SERVICE FEE $ _____ |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____
County of _____

   On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____ to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

ed in Kent County Superior Court
ibmitted: 2/25/2022 8:36 PM
ivelope: 3507339
:viewer: Lindsay Z.

Case 1:22-cv-00133-WES-PAS   Document 1-1   Filed 03/31/22   Page 4 of 6 PageID #: 8

STATE OF RHODE ISLAND                          SUPERIOR COURT
KENT, SC.

NANCY SCLAMA,               :
         Plaintiff,                 :
                                  :
vs.                                :            C.A. No. KC-2022-
                                  :
BJ'S WHOLESALE CLUB, INC.  :
         Defendant.               :

## COMPLAINT

### Parties

1. Plaintiff, Nancy Sclama ("Plaintiff"), is a resident of Naples, Florida.

2. Defendant, BJ's Wholesale Club, Inc. ("Defendant"), is a Delaware corporation with a principal place of business located at 25 Research Drive, Westborough, Massachusetts.

### Jurisdiction

3. The amount in controversy is sufficient to establish this Court's subject matter jurisdiction over this action.

4. Defendant has sufficient minimum contacts with the State of Rhode Island to confer this Court's personal jurisdiction over it.

### Venue

5. Kent County is the appropriate venue for this action.

### Relevant Facts

6. At all relevant times, Defendant has owned and operated a retail store at 790 Centre of New England Boulevard, Coventry, Rhode Island (the "Premises").

7. On or about August 21, 2020, Plaintiff was shopping at Defendant's store at the Premises.

ed in Kent County Superior Court
ibmitted: 2/25/2022 5:36 PM
velope: 3507339
viewer: Lindsay Z.

Case 1:22-cv-00133-WES-PAS   Document 1-1   Filed 03/31/22   Page 5 of 6 PageID #: 9

8. On August 21, 2020, Defendant had a display for a television that jutted out into the aisle where patrons walked and blended in with the floor making it difficult to see.

9. Plaintiff tripped and fell over the display.

10. Plaintiff has sustained severe and permanent injuries as a result of the fall.

### COUNT I
### Negligence – Premises Liability

11. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

12. At all relevant times, Plaintiff was lawfully on the Premises at the invitation of Defendant such that she was an invitee.

13. At all relevant times, Defendant owed Plaintiff a legal duty to exercise reasonable care in keeping the Premises reasonably safe and free from unreasonably dangerous conditions or defects that might cause injury to Plaintiff as an invitee and patron.

14. Defendant breached its duty of care to Plaintiff by (i) allowing an unreasonably dangerous condition to exist on the Premises, (ii) failing to warn Plaintiff of the unreasonably dangerous condition, (iii) failing to reasonably safeguard and protect Plaintiff from the unreasonably dangerous condition, and (iv) otherwise failing to exercise due care under the circumstances.

15. At all relevant times, Plaintiff exercised due care under the circumstances.

16. As a proximate result of Defendant's negligence, Plaintiff has suffered and will continue to suffer substantial losses and damages.

ed in Kent County Superior Court
ibmitted: 2/25/2022 5:58 PM
ivelope: 3507339
iviewer: Lindsay Z.

Case 1:22-cv-00133-WES-PAS   Document 1-1   Filed 03/31/22   Page 6 of 6 PageID #: 10

## COUNT II
### Loss of Homemaker Services
### Pursuant to R.I. Gen. Laws § 9-1-47

17. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

18. Prior to the fall on August 21, 2020, Plaintiff was primarily responsible for homemaker services to her home and performed those services without monetary compensation.

19. As a proximate result of Defendant's unlawful conduct, Plaintiff was caused to suffer loss of homemaker services pursuant to R.I. Gen. Laws § 9-1-47.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

(i) monetary damages;

(ii) reasonable attorneys' fees;

(iii) interest and costs; and

(iv) any other relief this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

PLAINTIFF,
Nancy Sclama,
By her Attorneys,

/s/ Theresa L. Sousa
Stephen J. Brouillard, Esq. # 6284
Theresa L. Sousa, Esq. #7745
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
(401) 223-2990 telephone
(877) 548-4539 facsimile
sbrouillard@bbsolaw.com
tsousa@bbsolaw.com